UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:08-0217<br>CIVIL NO. 6:12-2256 |
| VERSUS | * | JUDGE HAIK |
| GLENN RAY ALEXANDER | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is is the Motion to Correct Illegal Sentence filed by petitioner, Glenn Ray Alexander, pursuant to 28 U.S.C. § 2255. [rec. doc. 50]. By this Motion, petitioner argues that at sentencing he was improperly denied a three point reduction in his total offense level based on his April 6, 2009 arrest for stalking and remaining after being forbidden, which charges were dismissed on February 13, 2012. He additionally claims that counsel was ineffective at sentencing for failing to request a reduction in his sentence based on his acceptance of responsibility. He therefore requests that this Court re-sentence him in accordance with the amendments to the United States Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Publ. L. 111-220.

This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

On April 29, 2005, petitioner was named in a criminal complaint charging petitioner with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). [rec. doc. 1]. On May 6, 2005, petitioner appeared before the undersigned, and he was released on

bond. [rec. doc. 8].  A condition of petitioner's release required Pretrial Services reporting. [rec. doc. 11]; this condition was removed on June 26, 2007. [rec. doc. 14].

On November 17, 2007, apparently unbeknownst to the Court and Probation Office, petitioner was arrested by the Iberia Parish Sheriff's Office for a violation of a protective order, which had been filed against petitioner in Iberia Parish, Docket Number 110587, by Michelle Hector, the mother of his children.

On August 4, 2008, a Bill of Information was filed, charging petitioner with Distribution of Cocaine Base (Crack) in violation of § 841(a) and (b)(1). [rec. doc. 15]. An Amended Bill of Information was filed on September 22, 2008, charging petitioner with Distribution of 50 grams or more of Cocaine Base (Crack) in violation of § 841(a) and (b)(1). [rec. doc. 17].

On February 12, 2009, petitioner waived indictment and plead guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). [rec. docs. 28 and 29].

On April 6, 2009, petitioner was arrested by the Iberia Parish Sheriff's Office for stalking and remaining after being forbidden.  Like the prior arrest, this arrest involved Michelle Hector, the mother of his children.

As a result, a warrant was issued for petitioner's arrest. [rec. doc. 32].  Petitioner appeared before the undersigned on April 7, 2009 and an order of temporary detention was issued. [rec. docs. 35 and 36].  A detention hearing was held on April 13, 2009, and the Court ordered petitioner detained pending sentencing. [rec. doc. 38].

A Pre-Sentence Investigation Report (PSI) was prepared. [rec. doc. 47]. The PSI found petitioner's total offense level to be 30, based on the Probation Officer's finding that petitioner was not eligible for a three point reduction for Acceptance of Responsibility. [rec. doc. 47, PSI, ¶¶ 13, 20 and 23].

Accordingly, based on petitioner's Criminal History Category of II [¶ 28], petitioner's Guidelines sentencing range was found to be 108 to 135 months. [¶ 55]. However, because a violation of 21 U.S.C. § 841(a) involving 50 grams or more of cocaine base carried a mandatory minimum sentence of 10 years (120 months), petitioner's Guidelines range was adjusted to be 120 to 135 months. [¶ 55].

The record indicates that petitioner's counsel objected to the probation officer's denial of a three point adjustment for acceptance of responsibility, arguing that petitioner's acceptance of responsibility for the offense for which he was indicted, including his immediate admission of guilt to the charge, failure to contest its validity, waiver of his right to be indicted and agreement to plead guilty to a bill of information, thereby never taking the government to task to prove any aspect of the offense, outweighed his post-guilty plea criminal conduct.

Thus, counsel argued that petitioner's Guidelines sentencing range should be adjusted to 78-97 months imprisonment. [rec. doc. 47, pg. 16-18]. In response, noting that the objection would require a ruling by the Court, the Probation Officer stood by his original determination as follows:

> Pursuant to USSG § 3E1.1, comment , (n.1(b)), in determining whether a defendant qualifies under subsection (a), appropriate considerations include, voluntary termination or withdrawal from criminal conduct or association.

3

> The U.S. Probation Officer notes that in addition to his arrest by the Iberia Parish Sheriff's Office for Stalking an Remaining After Forbidden on April 6, 2009, the defendant was also arrested on November 17, 2007 for Violation of a Protective Order by the Iberia Parish Sheriff's Office. Both incidents involved the mother of his children, Michelle Hector, who had a restraining order filed against the defendant in Iberia Parish, Docket Number 110587. It is noted that Alexander was relieved of pretrial services reporting on June 26, 2007, therefore that incident took place less than 4 months later.

[rec. doc. 47, pg. 14].

Petitioner appeared for sentencing on June 2, 2009. [rec. doc. 46]. At sentencing, following additional argument by defense counsel and a statement by petitioner, Judge Melancon overruled the objection, adopting the response of the Probation Officer as its finding of fact. In so doing, Judge Melancon expressly noted that his ruling on the objection made no difference as far as the ultimate sentence the Court could impose, given that the statutory mandatory minimum sentence was 120 months, and that given the petitioner's history, he would not be inclined to sentence petitioner to less than that amount of time even if he could. Judge Melancon therefore sentenced petitioner to the statutory mandatory minimum sentence of 120 months imprisonment. [rec. doc. 48].

Petitioner did not directly appeal his conviction or sentence. On February 13, 2012, the stalking and remaining after being forbidden charges were dismissed by the Sixteenth Judicial District Court. [rec. doc. 50-1, pg. 2].

The instant Motion to Vacate was filed on August 23, 2012.

## LAW AND ANALYSIS

**Scope of Review**

A court may grant relief under 28 U.S.C. § 2255 only for a "transgression of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  "A collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). "Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding ." *Vaughn*, 955 F.2d at 368.

Non-constitutional claims may, however, be raised if the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) *citing United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

**Denial of Reduction for Acceptance of Responsibility**

The record reveals that petitioner was sentenced on June 2, 2009.  He did not directly appeal his conviction or sentence.

Challenges to the application of the Sentencing Guidelines do not give rise to a Constitutional issue and, accordingly, are properly raised on direct appeal. *Vaughn*, 955 F.2d at 368.  While petitioner argues that he could not have previously raised this claim until after the charges against him had been dismissed, that argument is not persuasive.

In determining whether a defendant qualifies for a reduction under § 3E1.1(a), comment note 1(b) provides that the court may appropriately consider "voluntary termination or withdrawal from criminal conduct or associations." The Guideline does not require that the criminal conduct be charged or that a conviction be obtained. *Jackson v. United States*, 2008 WL 2571353, *3 (E.D. Tex. 2008).

Any criminal conduct is a sufficient basis for denying a reduction for acceptance of responsibility. *United States v. Brown*, 51 F.3d 1041 (5th Cir. 1995). Thus, petitioner could, and indeed should, have raised his challenge to the denial of a three point reduction for acceptance of responsibility on direct appeal. *See Jackson*, at *3. Accordingly, the instant claim may not be reviewed in this § 2255 collateral proceeding because the claim is not of constitutional dimension and could have been raised on direct appeal, but was not. *Vaughn*, 955 F.2d at 368.

Further, even if petitioner had demonstrated that he could not have asserted this claim on direct appeal, because the clam is not of constitutional magnitude, it may only be raised in this collateral proceeding if the denial of credit for acceptance of responsibility resulted in a complete miscarriage of justice. *Id.; Cervantes*, 132 F.3d at 1109. For the reasons which follow, there was no miscarriage of justice occasioned by the denial of a three point reduction for acceptance of responsibility. To the contrary, the denial of a reduction based on acceptance of responsibility was proper.

A defendant's offense level may be reduced by two levels if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Upon motion of the government, an additional level decrease may be granted if the defendant

qualifies for the two level decrease and his total offense level is greater than sixteen. U.S.S.G. § 3E1.1(b). However, "[a] defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] as a matter of right." *United States v. Williamson*, 291 Fed. Appx. 595, 598 (5th Cir. 2008) *quoting* § 3E1.1, comment n. 3. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G.   § 3E1.1, comment, n. 5.

Thus, the Guidelines grant the sentencing judge "wide discretion" when determining whether a reduction will be granted, which determination is entitled to great weight on review. *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). The Guidelines provide that in determining whether a defendant qualifies for the reduction a court may properly consider if the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction . . ." and consider whether the defendant voluntarily has terminated or "withdrawn from criminal conduct or associations." U.S.S.G. § 3E1.1, comment n.1(a) and (b).

Given the sentencing judge's wide discretion, as in the instant case, reductions based on  acceptance of responsibility, in instances where the defendant engages in criminal conduct while on release awaiting trial or sentencing, even when the criminal conduct is unrelated to the charged offense, are properly denied. *Watkins*, 911 F.2d at 984-985 (affirming denial of a reduction for acceptance of responsibility when the defendant used cocaine while on release pending sentencing for possession of treasury

checks stolen from the mail)[1]; *United States v. Ricken*, 89 F.3d 224, 227 (5th Cir. 1996) (affirming denial of a reduction for acceptance of responsibility when the defendant admitted to using marijuana while on pre-trial release two days before entering a guilty plea to conspiracy to possess with intent to distribute cocaine); *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996) (same); *United States v. Sanchez,* 893 F.2d 679, 680-681 (5th Cir. 1990) (affirming denial of a reduction for acceptance of responsibility when the defendant was arrested for possession of marijuana and attempted to purchase a pistol while free on bond for a firearms violation); *see also United States v. Purcell*, 61 Fed. Appx. 921 (5th Cir. 2003) (rejecting the defendant's argument that the determination of whether a defendant accepted responsibility should be limited to the offense of conviction and to conduct related to the offense of conviction); *Williamson*, (affirming reduction in offense level for acceptance of responsibility based on the defendant's escape from custody and fugitive status); *Jackson*, 2008 WL 2571353, at *2-3 (finding the defendant's claim of improper denial of acceptance of responsibility reduction based on an attempted escape while awaiting trial on robbery charges non-cognizable on § 2255 motion).

**Ineffective Assistance of Counsel**

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a petitioner must

---

[1] The First, Eleventh, Seventh and Eighth Circuits have agreed with the Fifth Circuit's holding in *Watkins*. *Flucas,* 99 F.3d at 180 fn. 1 *citing United States v. O'Neil*, 936 F.2d 599, 600-01 (1sst Cir. 1991)*; United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994); *United States v. McDonald*, 22 F.3d 139, 142-43 (7th Cir. 1994); *United States v. Byrd*, 76 F.3d 194 (8th Cir. 1996). The Sixth Circuit, however, has criticized this holding. *Id. citing United States v. Morrison*, 983 F.2d 730, 734-35 (6th Cir. 1993).

establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998).

Petitioner claims that defense counsel was ineffective at sentencing for failing to request a reduction in sentence based on his acceptance of responsibility. That claim is refuted by the record before this Court. Counsel in fact objected the Probation Officer's failure to reduce petitioner's total offense level by three points for his acceptance of responsibility. Moreover, counsel strenuously argued his objection before the Court during the sentencing hearing. Judge Melancon, nevertheless overruled the objection. Under these circumstances, it is clear that defense counsel did not act objectively unreasonable. To the contrary, counsel's actions were entirely reasonable and in the best interest of his client. Petitioner therefore has not satisfied the first *Strickland* prong.

Further, it is clear that the result of the proceeding would have been no different if defense counsel had not objected the PSI, or had his objection been granted by the Court. Petitioner's offense carried a statutory mandatory minimum sentence of 120 months imprisonment. Therefore, even if the applicable Guidelines range was lowered as a result of a three point acceptance of responsibility reduction, the Court would still have been

9

bound to sentence petitioner to 120 months imprisonment. Accordingly, petitioner has demonstrated no prejudice as a result of counsel's alleged deficient performance. The second *Strickland* prong is not satisfied.

For the foregoing reasons, **IT IS RECOMMENDED** that the instant Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

**Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 8th day of November, 2012.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 11-8-2012
By: MBD